_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

Case No.: 8:22-cr-00147-FWS-1                                              Date: November 10, 2025
Title: United States of America v. Mitchell Quartermaine

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Rolls Royce Paschal  |   N/A   |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                             Attorneys Present for Defendant:

Not Present                                                                   Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION [47] AND GRANTING GOVERNMENT'S MOTION TO DISMISS [54]**

After Defendant Mitchell Quartermaine pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and the government agreed to dismiss the 18 U.S.C. § 924(c)(1)(A)(i) count, the court sentenced Defendant to a prison term of 12 months. (Dkt. 19 (Plea Agreement); Dkt. 21 (Minutes of Change of Plea); Dkt. 23 (Presentence Report) ¶¶ 1, 7, 9; Dkt. 32 (Judgment and Commitment).) Now before the court is Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 47 ("Motion for Sentence Reduction").) Plaintiff United States of America (the "government") moves to dismiss or, in the alternative, opposes the Motion for Sentence Reduction. (Dkt. 54 ("Motion to Dismiss" or "MTD").) Defendant did not file a reply in support of the Motion for Sentence Reduction. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."). Based on the state of the record, as applied to the applicable law, the Motion for Sentence Reduction is **DENIED** and the Motion to Dismiss is **GRANTED**.

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Compassionate release is one of the few exceptions, allowing the court to "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." 18 U.S.C. § 3582(c)(1).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.: 8:22-cr-00147-FWS-1            Date: November 10, 2025
Title: United States of America v. Mitchell Quartermaine

    A defendant moving for compassionate release must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Failure to comply with this mandatory requirement deprives the court of jurisdiction. *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019); *United States v. Miranda*, 2021 WL 826259, at *2 (E.D. Cal. Mar. 4, 2021) ("Section 3582(c)(1)(A)'s exhaustion requirement may not be waived. The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure.") (collecting cases); *United States v. Weidenhamer*, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (collecting cases). In evaluating compassionate release motions, courts consider whether "extraordinary and compelling reasons warrant such a reduction" and whether "a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(ii). Additionally, the "reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." *United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

    The government moves to dismiss the Motion for Sentence Reduction, arguing that Defendant has not exhausted his administrative remedies.[1] (MTD at 10-16.) The court agrees. The court finds that Defendant fails to demonstrate that he exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *Miranda*, 2021 WL 826259, at *3 ("Here, it is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).") (collecting cases). The

---

[1] The government alternatively argues that the Motion for Sentence Reduction fails to demonstrate an extraordinary and compelling reason to allow compassionate release. (Mot. at 13-16.) Because the court finds that the court lacks jurisdiction, the court need not analyze the merits of the Motion for Sentence Reduction.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cr-00147-FWS-1 | Date: November 10, 2025 |
| Title: United States of America v. Mitchell Quartermaine | |

government provides emails with Joseph Cruz, Legal Assistant at Bureau of Prisons ("BOP"), where Cruz states that Defendant has not filed the appropriate informal resolution form under the BOP administrative procedures. (Dkt. 54-1 (Declaration of Rosalind Wang) ¶ 2; Dkt. 54-4.) Defendant fails to respond to the government's argument and does not provide evidence demonstrating exhaustion of administrative remedies through the BOP. (*See generally* Dkt.) Because Defendant fails to demonstrate he exhausted administrative remedies, the court finds that the court lacks jurisdiction to consider the Motion for Sentence Reduction. *See* 18 U.S.C. § 3582(c)(1)(A); *see also, e.g.*, *Miranda*, 2021 WL 826259, at *3 (denying motion under Section 3582(c)(1)(A) for lack of jurisdiction because defendant failed to demonstrate exhaustion).

     Accordingly, the court **DENIES** the Motion for Sentence Reduction and **GRANTS** the Motion to Dismiss.